**JUDGE KARAS**

UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAUL J. ANDERSON, | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Case No. **11-CIV 6512** |
| | ) |
| CLIENT SERVICES INC., | ) COMPLAINT AND DEMAND FOR |
| Defendant | ) JURY TRIAL |
| | ) |
| | ) (Unlawful Debt Collection Practices) |

## COMPLAINT

PAUL J. ANDERSON ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against CLIENT SERVICES INC. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business and has its headquarters in the State of New York and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

### PARTIES

5. Plaintiff is a natural person residing in Garnerville, New York, 10923.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

1

7.  Defendant is a debt collection company with its corporate headquarters located in St. Charles, MO 63301.

8.  Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## PRELIMINARY STATEMENT

11. The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute, which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 *et seq.* The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

12. In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

13. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a. Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

14. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

## FACTUAL ALLEGATIONS

15. At all relevant times, Defendant was attempting to collect an alleged debt that is related to a credit card issued by Macy's.

16. This debt arose out of transactions that were primarily for personal, family, or household purposes.

17. To provide background, Defendant first sent Plaintiff written correspondence in or around February of 2010.

18. On or around September 21, 2010, Defendant sent Plaintiff a written

3

PLAINTIFF'S COMPLAINT

correspondence, which was confusing, misleading and deceptive. A true and accurate copy of the September 21, 2010 correspondence is attached as Exhibit "A".

19. In the first sentence of the correspondence, Defendant states "I am forwarding this letter to *confirm* that our client has agreed to accept $1,921.65 as settlement in full for the above correspondence (emphasis added)."

20. Contrary to the "confirming" letter, Plaintiff had not agreed to enter into an agreement to pay $1,921.65 or any other amounts to Defendant.

21. Plaintiff understood the letter as an attempt to create by deception a written "agreement to pay" which Defendant certainly knew he never consented to.

22. In furtherance of Defendant's deceptive efforts to refer to a binding agreement that had not been agreed to, the third paragraph of the correspondence informs Plaintiff of the tax consequences of the "settlement", and recommends that Plaintiff "consult with a Certified Public Accountant or other tax professionals."

23. The reference to the tax consequences of the "settlement", and advice regarding professional tax services gave Plaintiff the impression that Defendant believed it had an enforceable settlement of the debt.

24. Defendant was attempting to artificially and unilaterally extend the statute of limitations by creating a de facto new contract, to which Plaintiff never accepted.

25. Plaintiff believes that Defendant did so to deceptively extend the time in which it could use legal proceedings to collect the alleged debt.

26. The last paragraph of the correspondence states "[w]hen you send in a check to make your payment, you authorize Client Services, Inc. to initiate a one-time electronic debit from your bank account according to the terms of the check." Plaintiff never authorized a

settlement and did not know how Defendant came to believe that he was authorizing a one-time electronic debit from his bank account.

27. Finally, the correspondence contains the phrase "[t]his communication is from a professional debt collection agency", a variation of the the language required by § 1692e(11) of the FDCPA, which was intended to create an impression in the reader that Defendant was somehow superior to other debt collectors that were *not* professional.

28. Defendant intended the September 21, 2010 correspondence to be deceptive and misleading, in part by creating a false record of communications between the parties which Defendant could and would use to obtain payment and in part to elicit a response from Plaintiff to contact Defendant immediately, under false pretenses.

## CONSTRUCTION OF APPLICABLE LAW

29. The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

30. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 *et seq.*, is a remedial statute, it should be

construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

31. The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

## COUNT I
## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

32. In its actions to collect a debt, Defendant violated the FDCPA in one or more of the following ways:

   a. Defendant violated the FDCPA generally;

   b. Defendant violated § 1692e of the FDCPA when it used the false, deceptive, and misleading representations that a settlement had been reached in connection with collecting a debt;

   c. Defendant violated § 1692e(10) of the FDCPA when it used the false, deceptive, and misleading representations that a settlement had been reached

in connection with collecting a debt;

d. Defendant violated § 1692e(11) of the FDCPA when it did not properly inform Plaintiff that the correspondence was a communication from a debt collector; and

e. Defendant violated § 1692f of the FDCPA when it unfairly implied to Plaintiff that a settlement had been reached on the alleged debt.

WHEREFORE, Plaintiff, PAUL J. ANDERSON, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for each violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, PAUL J. ANDERSON, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

_____
Craig Thor Kimmel
Attorney ID # 2790038
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: 877-788-2864
Email: kimmel@creditlaw.com

**CLIENT SERVICES, INC.**
3451 HARRY TRUMAN BLVD
ST CHARLES, MO 63301-4047
636-947-2321 or 800-521-3236

09/21/2010

PAUL J ANDERSON
██████████-1101

RE: Department Stores-National Bank (DSNB)
BALANCE DUE: $3,843.30

I am forwarding this letter to confirm that our client has agreed to accept $1,921.65 as settlement in full for the above obligation.

This offer is valid provided the full amount of this settlement is received within twenty days from the date of this letter.

If the amount written-off is equal or greater than $600.00, our client may be required by internal revenue code, section 6050P, to report this amount and issue a form 1099-C. If you have any questions regarding your personal taxes, it is recommended you consult with a Certified Public Accountant or other tax professional.

Sincerely,

JEFF MARSHALL

This communication is from a professional debt collection agency.

When you send in a check to make your payment, you authorize Client Services, Inc. to initiate a one-time electronic debit from your bank account according to the terms of the check. When your check is converted to an electronic debit, please note that your check will not be returned to your bank and funds may be withdrawn from your checking account the same day we receive your payment. If you do not want your check to be converted to an electronic debit, please notify us in writing, by certified mail. Or if you would like to learn about other payment options, you may call 1-800-521-3236. Please have your Reference Number handy.

NEW YORK CITY LICENSE NO. 972214

**PLAINTIFF'S EXHIBIT**
A